Case No. 16-1415, Millennium Pipeline Company, LLC, Petitioner v. Basil Seggos, et al. Ms. Setson for the petitioner, Mr. Luxignan for the respondents. Good morning, Your Honors, and may it please the Court, my name is Kate Stetson representing the petitioner, Millennium. Millennium submitted a 1,200-page application to New York's Department of Environmental Conservation for a Section 401 Water Quality Certificate on November 23, 2015. It is now March 3, 2017, and the Department has not yet acted, so we have come to this Court, as the Natural Gas Act provides, for recourse. Now, the Natural Gas Act not only supplies jurisdiction and commands expedited review in these circumstances, it also dictates both the path to the remedy and the remedy itself. So first, the path, and I'm reading now from 15 U.S.C. 717 R.D. 2. That is the section that says, the failure of an agency, here a state agency, to take action on a permit required under federal law in accordance with the commission schedule shall be considered inconsistent with federal law for purposes of paragraph 3 pertaining to the remedy. The failure to take action on a permit consistent with the commission schedule here is the department's failure to take action by August 7, 2016. That was the date established by the commission schedule. Now, even if you take the most charitable reading of the deadlines under which the department was required to act, and you extend that all the way to November 22, 2016, which is one year after the commission received the application, that, too, is inconsistent with federal law because the department failed to act by that date as well. So if the upshot of your argument is that by failing to act, the department waived under the statute, which appears to be the upshot of your argument, then why under our decision in Weaver do you have standing? We have standing for a couple different reasons, Judge Srinivasan. The first is, Weaver's code in many ways is a sui generis case. First of all, by the time that case was argued, and I think importantly for jurisdictional purposes, I think, frankly, the case could have gone off on a jurisdictional holding. This Court only has jurisdiction over failures of an agency to act. If the agency has acted, has denied or conditioned an application, an expedited appeal from that action actually goes to the circuit in which the facility is located. So there it would have been the First Circuit. In those circumstances, by the time Weaver's code got to argument, the agencies had acted there. So one of the things that the Weaver's code panel said is, the petitioner here has not asked the Court for a remand directing the state agencies to act because the state agencies had already acted. So the thing that this petitioner is entitled to here, the remand for failure to act, was not present there. So I don't want to get into your second point, but let's just focus on the first one for a second. So as I read Weaver's code, though, it's true that there had been at least a preliminary action. I think the panel made clear that it wasn't a final action at the time that the case came up was a preliminary action. But the panel also made clear that it didn't matter because it has this paragraph that's on page 1333 where it says that, yeah, there was an action, but that doesn't matter for purposes of standing because your argument is that they waived. And so once the one year lapsed, the period had ended. Whatever they do after that doesn't matter. You have a remedy that you can make use of, which is you go to the agency and you say, look, the year has gone, they waived, the condition on your permit in this case is absent waiver, that condition's exercised, we get to go forward. Right, but that gets me to my second point. The difference here that was not the case in Weaver's Cove. In Weaver's Cove, you had a situation where if you look further down on 1333 to 1334, there was a passage pertaining to the Army Corps of Engineers. Because what the panel in Weaver's Cove says is, what you petitioner are asking me to do is essentially declare, asking us to do, declare waiver. You're going to take that waiver declaration and you're going to shop it over to the Army Corps of Engineers with respect to your 404 permit. But the Army Corps of Engineers, there's a paragraph, I don't have it right in front of me, but the paragraph begins, the record in this case indicates essentially that the Army Corps of Engineers has already made a determination about when or whether it's going to accept that application. Because the Army Corps had agreed to an extension that one of the states had requested there. So the point that the court was making in Weaver's Cove is, even if we were somehow to look past what I think are the jurisdictional defects and issue this declaration of waiver, what good would it be? Because you're going to take that to the Army Corps and the Army Corps has already told us that it's not going to care about the waiver because it's already granted the extension. So whether you look at Weaver's Cove, which by the way was a sui sponte standing determination. Yeah, but I thought the upshot of Weaver's Cove is that you can be made whole by going to FERC. Because if your argument is that a year has lapsed, therefore waiver, therefore the state doesn't have any authority to do anything more to stop us, that's something that you can litigate before FERC. If FERC rules against you for some reason, then there's judicial review of that. And you would agree with that. And so if that's the way I understand Weaver's Cove, what's the distinction between that and this case? Well, I think the distinction though goes back to where I started, which is we may well have recourse also at FERC. We could go to FERC pursuant to his certificate. If you did that, if you went to FERC, as Judge Srinivasan suggests, and following up on the certificate that you have from FERC, submitted evidence of waiver, and FERC agreed that there was waiver, would that give you all the relief you want? No, for a couple different reasons. The first is FERC is under no obligation to act quickly. And here we have a statutory command, both that this Court has jurisdiction, may be concurrent with FERC. We could have gone to FERC, but maybe FERC would not act nearly as quickly. But second to Judge Tatel's other question I don't understand that point. Because whatever time frame FERC takes to act, they're going to take to act anyway. What does relief here have to do with that? Our point is that we are entitled to relief here under the statute. No, but that was my question. Yes. My question was whether or not if you went to FERC and FERC ruled for you that that is that there was a waiver, wouldn't that clear the way for construction of this? It may clear the way for construction. The issue, Judge Tatel, would be that in addition to FERC's notice to proceed, you arguably would also need the determination from the Army Corps about the Section 404 permit. Why? I mean, getting back to the Well, where does that argument come from? Because I thought the whole point of the waiver provision and your argument would be the state has an opportunity to stop things within a year. Once they don't after a year, it's over. FERC gets to go forward. They greenlight the construction. You get to go. That's the argument you'd make to FERC. FERC might well agree with that, in which case you're made whole. If they don't, then there's judicial review of that. That is our argument with respect to FERC. But first of all, that judicial review is completely independent from the judicial review to which we're entitled here. Secondly, if you look in Condition 9 of the FERC conditions, what it says is you need to supply evidence of all necessary Federal permits or evidence of waiver thereof. Right. There is no such thing as waiver of a Section 404 permit. There is only waiver of a 401 under the Clean Water Act. So the problem that I'm having, Judge Tatel, with your question is it's not entirely clear to me if we were to go to FERC and we were to ask FERC to declare waiver, first, we'd be under no specific time frame. Second, that waiver might be good only as to the 401 permit. If you could look for the same problem here, then, don't you have a problem of, I mean, if they, if you still need a core waiver, which you don't have, then you have a redressability problem. I don't think you do, Judge Tatel, for this reason. The first is we have asked for a menu of potential remedies. One of them is simply to remand to the agency, to instruct the agency to act. Our point, though, with respect to remedy... That's not what your petition says. I've got your petition right here that you filed on December the 5th, and the only thing that you ask is in the last sentence, and it says the Court should remand this proceeding to the Department to promptly grant the Millennium's application. Yes, and that gets me to what the remand is to act. The statute directing the remedy instructs this Court to remand to the agency for the agency to take appropriate action consistent with the Court's order. Our point is... But if it's waived, if under your theory it's now, because it hasn't acted, it's waived, how can it grant the permit? It's waived, it's right to act. It may either grant or it may declare it waived, but what it can't do at this point is to deny the condition. It's statutorily barred from acting, isn't it? We would argue that it is, yes. So the relief that Judge Wilkins just read, you can't get, right? Because it's waived, can't act. And by the way... Go ahead, answer that. If this Court... So just to back up two steps in the path, what this Court has to conclude in order to direct a remedy is that there has been a violation of the federal law. So the question about waiver turns on whether this Court concludes that the deadline established by the Clean Water Act, that outside one-year deadline of November 22nd, 2016, was foregone, was surpassed. That's the deadline that applies in this case, right? Not the FERC deadline, correct? They're both laid under either, but it's the one-year... They're both laid under either, which is why we didn't put too much emphasis on the FERC deadline actually is supposed to control unless there is another schedule established by federal law. That is the Clean Water Act. I would argue that the Clean Water Act says a reasonable period of time, which shall not exceed one year. In our estimation, the reasonable period of time, and we make this point in our briefs as well, is the FERC schedule. But under... Judge Tatel, you're right. Under either formulation, the Department has missed the boat. So then the next question is, if this Court concludes, as it must in order to dictate the remedy, that that one-year deadline has passed, then the question is, what is that appropriate action? Judge Tatel, you may be right that the Department is not in a position to grant an application at this point because it's waived. That's why we've said either grant or declare waiver. Both we and CPD have made that point. You said in your brief, but that's not what you said in your petition. Why should we care about what you said in your brief if that's not what you said about in your petition? Because I think both in our prayer for relief in our brief and our reply brief, we make both of those alternative arguments. It's essentially a menu, a stack of options. You can either remand and say nothing, direct the agency to take appropriate action, or we submit you should put some teeth in the remand. And you should say we have concluded that the deadlines were missed, that November 22nd, 2016 came and went. That deadline is significant because the application was received on November 23rd, 2015. You have missed the Clean Water Act deadline. Certain consequences follow from that. If you want to stop there and send this back to the Department for the agency to reach its conclusion at that point, whether it should grant or waive, that would be fine with us. Our point, though, is that there is this provision in the remedy provision. But how can the Department, it seems to me that FERC is a necessary and indispensable party to this action under your theory. I mean, how can the Department decide that it's waived? I mean, that's a decision for FERC to make. Not necessarily, Judge Wilkins. There have been circumstances where the agency itself has declared that it missed the deadline and it's been waived. I think the FERC permit is conditioned on evidence of waiver, so I take it what you're saying is if the Department says it's waived, then that's evidence of waiver. Absolutely. But in other words, FERC would still have to make the determination, I think is what Judge Wilkins is saying. Well, FERC would still have to issue a notice to proceed, but I took Judge Wilkins' question to be does FERC, is FERC the only entity capable of making a waiver determination? And the answer to that is no. This Court may feel that it can stop short of making the waiver determination, but it must make a finding about the timing. And the timing has to do with that November 22nd deadline. If that November 22nd deadline came and went without action, which it did, then there has been a violation of Federal law. That is the thing that is particularly within this Court's jurisdiction to declare. Then, as I said, there are consequences that follow from that. One of the consequences is a triggering of waiver. Now, my time has run out. If there are any further questions. Thank you. Thank you. We'll hear from the State. Good morning, Your Honors. May it please the Court. Brian Lussigman with the New York State Office of the Attorney General representing Respondents. I'd like to start with the Weaver's Cove issue. And note that Petitioner here is standing in the same position as the Petitioner in Weaver's Cove. They're asking this Court for what amounts to a declaration that DEC has waived its review under Section 401 and, therefore, must grant an unconditional permit so they can take that declaration to FERC and attain permission to begin construction. However, they still have, they've always had an avenue to raise this argument with FERC. Environmental Condition 9 of the Conditional Certificate of Public Necessity allows them to submit Federal authorizations or evidence of waiver. So is that, is that standing or is your argument that they failed to exhaust their remedies? There are a few doctrines that are at play here. Why is it standing? It's a standing issue in that what they, the agency delay that allegedly injures them actually inures to their benefit because they get their permit. You can also look at it as a failure to exhaust administrative remedies. But you don't argue it that way in your brief as an exhaust, at least I didn't see it. Did you? I didn't, we did not use those words in our brief, failure to exhaust. We argued that the issue was not properly before this Court for a few different reasons. But one of those reasons is that an avenue is provided in that Conditional Certificate under Condition 9. So can I ask you a question? So on the letter that you wrote, there's a November 18th letter in the J.A., which is the J.A. 440 to 441. You say that no, you say, I want to remind the applicant, no construction activities may commence with respect to the project unless the application is approved. And NYSDEC issues a WQC. So what about a situation in which there's waiver? So are you saying in that letter that there's some kind of independent state law obstacle to going forward? Or are you just saying that you're reiterating your argument that the condition hasn't been exhausted because, under your view of the statute, the time clock doesn't  That's right, Your Honor. The latter.  Okay. DEC was offering its interpretation of Section 401, arguing that it had not waived and therefore was still reviewing the application. So you still buy into the notion that if FERC deems you to have waived, then the state's role in this is over and construction can ensue. If FERC deems waiver to have occurred, FERC still has discretion to consider any action that DEC might take. So DEC could issue a conditional 401 certification or could deny the certification. FERC would not be bound by that, as it would if DEC had not waived, but FERC could, in its discretion, consider those conditions or consider that denial. That's your view. And then if FERC disagreed with you on that or on any of this, then there's judicial review from FERC's ultimate determination anyway. That's right. A DEC could seek judicial review of FERC's determination. Okay. I'd also like to note that the FERC schedule here does not apply. FERC's regulations very specifically say that FERC schedules only apply where no other schedule is set by federal law. In promulgating those regulations, FERC said that Section 401 is an example of just like a federal schedule. None of that makes any difference. I mean, if you're wrong about your definition of what an application is, none of that makes any difference, right? In other words, if the court thought that the application was filed when it was filed, you're laid under either standard, right? That's correct, Your Honor. But Section 401 actually doesn't use the word application. What Section 401 says is a request for a certification. Yeah, that's what I meant, request. Millennium engages in a bit of sleight of hand by equating request with application, but that's not the word the statute uses. Even Millennium doesn't contend that an oral request for a 401 certification would trigger the waiver period. DEC's interpretation of requiring a complete application before the waiver period begins is consistent with both the structure of the statute and the intent of Congress in enacting 401. I'm a little confused about your definition of what a complete application is. In your brief, you say that it's one that contains sufficient information for the review of the request, right? That's what you say in your brief here. But the letter, the November 26th letter to Millennium didn't say that. It said that although Millennium had fully responded, the Department would nonetheless continue its review. So it's that that we have to review, correct? This standard. That's right, Your Honor. Not the one in your brief. In other words, for us to, if we were to get to this, for us to agree to you, we would have to agree, we would have to agree to you that even though an applicant fully responds, fully responds, right, that the application is not complete because the Department has to continue its determination, quote, to determine if a valid request for a certificate has been submitted. That's what we're reviewing. Yes, Your Honor. In fact, I would like to clarify something. But you don't defend that position in your brief at all. Under DEC's regulations. Wait. But don't. Am I right about that? Before you go on to another subject. I didn't see anywhere where in your brief you defended the definition of a complete application set forth in the November letter. The definition of a complete application is set forth in DEC regulations. And I would like to clarify one factual point. Those don't help you either. Go ahead. In November, when DEC said that it had received everything it needed to respond to the second notice of incomplete application, it said if the application was determined to be complete, the waiver period would run from the receipt of that final submission, which was August 31, 2016. Now that DEC has not requested any additional information for several months, we're willing to agree that the record supports a conclusion that the application was complete on August 31, 2016. So in your world, an application can be submitted on January 1. You can say on, you know, January 2, well it appears to be responsive to everything that we require, but we, you know, will let you know when we determine that it's complete. And they could wait for another year and then say, well we've now determined that it's complete, and then the clock would start ticking from that date a year later when it's determined that the application was complete. There are timing restrictions in DEC's regulations. DEC has to act within 15 days of the initial submittal. Is that a yes or a no? It would raise issues of whether DEC complied with its own regulations, if DEC waited that long to send a notice of incomplete application. And here DEC did send the first notice of incomplete application within 15 days of receiving the application. So would it be complying with its regulations if it did what I just said in my hypothetical? That would not comply with DEC's regulations. That's correct, Your Honor. And DEC's compliance with its own regulations is an issue that hasn't been squarely raised or presented in this proceeding. However, DEC did act within 15 days of receiving that initial application and noted that it required additional information in the form of this environmental assessment that FERC was conducting. You know, your definition doesn't – I looked at these statutes that are cited in the brief, these New York statutes. Section 70-0105 says – it defines a complete application, and it says a complete application is one that's in an approved form and is determined by the department to be complete for the purpose of commencing review but which may need to be supplemented during the course of the review. I mean, that's completely inconsistent with the position you take in your brief here and in your November letter to Millennium. I believe the position has been consistent, which is that DEC may continue to request information. No, no, no. I'm reading you from the New York statute about the definition of a complete application. It says a complete application is one that comes in an approved form and is determined by the department to be complete for the purpose of commencing review, even though you may need additional information. That's a perfect definition of what Millennium originally filed with your department. Respectfully, Your Honor, the – I mean, you may be right that this is – that there's a mootness problem here, but on the merits, you seem to be – your position both in your brief and in your – and in the department's letter to Millennium about its first application seems to me to be inconsistent with state law. No? That statute and DEC's regulations and our position in our brief is that DEC must make a determination that the application is complete, and it may require additional information before it makes that determination. But this says that even it's complete, even if it needs additional information. Did you hear the language I read to you? That's right, Your Honor. Let me read it to you again. It comes in an approved form – that came in an approved form – and is determined by the department to be complete for the purpose of commencing review, but which may need to be supplemented. That's exactly what Millennium submitted to the department. DEC, before determining an application to be complete, which in that statute, DEC determines when it's complete for purposes of commencing review. It needs enough information that it can be satisfied that the environmental effects of the project have been fully evaluated. And it also needs to be complete for the purposes of public notice and comment. I see I'm out of time. I'm happy to answer any additional questions. Thank you, Your Honor. Okay, thank you. Ms. Stetson, you were out of time, but we'll give you two more minutes. Thank you, Your Honor. Three quick points, if I could. The first on completeness. Judge Wilkins, you asked a hypothetical of my opposing counsel. I don't see any daylight between this case and that hypothetical, and I'm not understanding his answer. If I heard him correctly, he would say that where you submit an application, you hear the day after that an application is received and we'll get back to you, and then you hear nothing for a year, that would be a violation of the regulations. Here, you had a series of your application has been received and we'll get back to you. So there's no difference between his statement that there was a violation of regulations there in this case. Second, completeness or consistency. The department has been quintessentially inconsistent here. If you look at both its brief and its treatment of this issue in other circumstances, look, for example, to our Rule 28J letter. The department understands what this statute says, and what the statute says is that you have one year at the outside from receipt of an application. Not a completed application, which is a phrase that actually appears in the Clean Air Act. Receipt of an application. I would also point out that in the department's response to our Rule 28J letter, the department actually says, we have not yet determined that Millennium's application is complete. It says it full stop as of January 31st of this year. Finally, on standing. If this panel is struggling with the consequences to standing of our, what I would say most rigorous request for remedy, a declaration of waiver or an instruction that the department has waived, the solution then I think is to scale back the remedy, not to dismiss this petition for lack of standing. And as I was explaining in my... What would that scale back remedy be? I think the scale back remedy, Your Honor, would be along the lines that I was trying to sketch out in my first appearance here. The idea would be that the court has to make a determination about timing in order to find that violation of federal law. If the court agrees with our argument that federal law has been violated because the Clean Water Act's one year deadline came and went, then the solution is for this court to declare that that deadline was violated, and for the department to essentially grapple with the consequences of that. We think there is only one appropriate thing that follows from that, but the court can stop short of declaring waiver if that's the thing that really is the sticking point between this and Weaver's Cove, and do exactly what the Natural Gas Act suggests this court and only this court can do, which is to remand to the agency for it to take appropriate action.  Thank you. Thank you, Your Honor. The case is submitted.
judges: Tatel, Srinivasan, Wilkins